**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARK D. GEORGE | ) | |
| 911 Farragut Street N.W. | ) | |
| Washington D.C. 20010 | ) | Case No.:_____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| 441 4th Street, N.W., | ) | |
| Washington D.C. 20001 | ) | |
| Serve: | ) | |
| | ) | |
| Mayor Muriel Bowser | ) | |
| 1350 Pennsylvania Avenue | ) | |
| Washington D.C. 20004 | ) | |
| | ) | |
| Attorney General Karl A. Racine | ) | |
| Office of the Attorney General | ) | |
| 441 4th Street, N.W., | ) | |
| Washington D.C. 20001 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| OFFICER RODGERS | ) | |
| BADGE # 9156 | ) | |
| Metropolitan Police Department | ) | |
| Individually and in his official capacity | ) | |
| Seventh District Station | ) | |
| 2455 Alabama Ave. S.E. | ) | |
| Washington D.C. 20020 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| INTERIM POLICE CHIEF | ) | |
| PETER NEWSHAM | ) | |
| Individually and in his official capacity | ) | |
| 300 Indiana Avenue, N.W., Room 5059 | ) | |
| Washington D.C. 20001 | ) | |
| | ) | |
| Defendants. | ) | |

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Mark D. George (hereinafter 'Plaintiff'), by and through his attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and brings this action against the Defendants, District of Columbia and Officer Rodger Badge # 9156, and Interim Police Chief Peter Newsham and alleges the following:

**INTRODUCTION**

1.      In 2013, the Metropolitan Police Department ("MPD") began researching the best practices for the deployment of Body Worn Cameras ("BWCs") for its police officers. After studying best practices, on or about October 1, 2014, MPD launched a six month pilot program giving BWCs to officers employed by MPD to determine the best model BWC to address the needs of the community and police officers alike.

2.      Around November of 2015 the District of Columbia ("Defendant District") signed a contract with Taser International to provide Axon Body and Axon Flex BWCs to all police officers employed by MPD.

3.      BWCs worn by officers employed by MPD are constantly recording.  However, the data is retained longer when an officer activates his body camera.  The officer activates the body camera by tapping on it twice.  The first 30 seconds have no sound because the BWC retroactively saves the video 30 seconds prior to activation.  Once the body camera is activated, the microphone starts recording.

4.      At least as early as March 11, 2016, MPD enacted a policy requiring a police officer to activate a BWC under numerous circumstances, including, but not limited to, "as soon as a call is initiated via radio" or "at the beginning of any self-initiated police

action" or "vehicle and foot pursuits" or "all traffic crash scenes" or "suspicious activities."

5.      MPD explicitly acknowledges the foregoing BWC policy is "to use BWCs to further the mission of the Department, promote public trust, and enhance service to the community by accurately documenting events, actions, conditions, and statements made during citizen encounters, traffic stops, arrests, and other incidents, and to help ensure officer and public safety."

6.      The MPD has created a specialized unit designated to investigate and secure illegal firearms within the District of Columbia. This unit is referred to as the "Gun Recovery Unit" (hereinafter the "GRU"). As a policy, the MPD has exempted the GRU from wearing Body Warn Cameras.

7.      MPD failed to properly train its officers to use BWCs, which in turn, failed to ensure public safety. MPD failed to mandate that the GRU wear BWC's thereby creating an unsafe condition for citizens of the District (including Mr. George) by not requiring the hire level of supervision of these officers which is provided by the BWCs. Defendant MPD had actual or constructive knowledge that its police officers routinely failed to properly use BWCs and that the GRU, as a policy, were not required to wear BWCs. Defendant MPD failed to take proper steps to correct the misuse or absence of BWCs by or on its officers.

8.      On October 14, 2016, the Plaintiff was standing outside of his cousin's residence with a group of other civilians at 901 Wahler Pl SE, Washington D.C. 20020. At approximately 11:12 pm members of the GRU and the Seventh District Precinct of the MPD jumped out on the individuals. Mr. George began to walk to the rear of the

aforementioned address. As he reached the rear courtyard Officer Rodger along with Officer Hugee of the GRU followed Plaintiff to the rear of the building. When the officers reached the courtyard Mr. George discarded a firearm on to the ground and began to run from the officers. When Mr. George was approximately 40 feet from the location of the firearm (which was on the ground), Defendant Rodgers discharged his service weapon striking Plaintiff four times in the back of his person. Defendant Rodgers was unprovoked and acted without any justifiable reason to do so and as a result employed excessive force in violation of the Constitution while attempting to arrest Plaintiff George. Defendant Rodgers actions violated the Plaintiff's rights under the First, Fourth and Fifth Amendments to the Constitution of the United States and constitute assault, and intentional infliction of emotional distress under the laws of the District of Columbia. Moreover, as the Interim Chief of the District of Columbia Metropolitan Police Department, Peter Newsham provided deliberately indifferent training to Officers Rodgers, and fostered a policy within the GRU which created an unsafe condition for Plaintiff George. Accordingly, the Plaintiff seeks compensatory and punitive damages from the officers, and the District of Columbia, as well as attorneys' fees and costs and other appropriate relief for the pain and suffering experienced by Plaintiff George. Plaintiff also requests injunctive and declaratory relief to ensure that Officers of the Metropolitan Police Department and specifically the GRU wear and activate BWCs while on duty to ensure the safety of the community.

## JURISDICTION AND VENUE

9.      This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

10.      This Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

11.      On November 30, 2016, the Plaintiff, pursuant to D.C. Code § 12-309 provided written notice to Defendant, District of Columbia of his intent to sue based on this incident which is the basis of this Complaint.

12.      Venue is proper in the District of Columbia because that is where the Plaintiff resides, where the Defendants are employed, and where the events complained of occurred.

**PARTIES**

13.      The Plaintiff now and at all times relevant to this claim, is an adult resident of the District of Columbia.

14.      Defendant, Officer Rodgers, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Sevnth District of the District of Columbia Metropolitan Police Department as well as a member of the GRU.

15.      At all times relevant to this action, the Defendant Officer Rodgers was acting under the color of law under his authority as an officer of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

16.      Defendant, District of Columbia, is a municipal corporation of the local government of Washington D.C., and operates and governs the MPD pursuant to the laws

of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants, including Defendant Officer Rodgers and Defendant Police Chief Newsham.

17.     Defendant Interim Chief Peter Newsham is sued in his official capacity as the Chief of the District of Columbia Metropolitan Police Department, and is employed by the Defendant District of Columbia and/or the District of Columbia Metropolitan Police Department, and was acting under color of state law. As the Chief of the District of Columbia Metropolitan Police Department, provided deliberately indifferent training and policy to Officer Rodgers as well as the other member of the GRU. He further provided deliberately indifferent supervision and discipline. Chief Newsham further was deliberately indifferent in hiring Officer Rodgers and was deliberately indifferent in failing to adopt policies necessary to prevent constitutional violations to the Plaintiff. His action or inaction was a moving force in and had a direct causal link to the injuries to Plaintiff.

18.     The District of Columbia is properly sued directly under 42 U.S.C. § 1983 for its own and its delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries to Plaintiff.

19.     Defendant District of Columbia and Defendant Newsham are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and

derelict supervision, ratification, acquiescence and intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries.

20.     The District of Columbia is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Newsham in his official capacity as the Chief of the District of Columbia Metropolitan Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

### STATEMENT OF FACTS

21.     On October 14, 2016, at or about 11:12 pm, the Plaintiff was standing in a group of individuals at the front of 901 Whaler Place SE, Washington D.C. 20020.

22.      At that place and time Defendant Officer Rodgers and other members of the MPD GRU alighted from their vehicles and began to walk toward the group of civilians. At this time the Plaintiff walked to the back of the aforementioned address. Officer Rodgers and Hugee, followed the Plaintiff to the back of the address and as they reached the rear, Plaintiff George dropped a firearm which was then in his right hand and he began to run from the officers.

23.     While his Plaintiff George's back was facing Defendant Officer Rodgers, and after he travelled approximately 40 feet from the at issue firearm, Officer Rodgers discharged his firearm striking the Plaintiff in his back and lower leg four times

24.     As a result of the shooting, the Plaintiff suffered severe internal trauma and underwent two life saving surgeries.

25.     While the Plaintiff was unconscious, officers placed him in handcuffs and attempted to revive him from his unconscious state.

26.     The Plaintiff was then transported, while handcuffed and under police custody, to the Washington Hospital Center.

27.     Officer Casey Logan alleged in his written report that the Plaintiff was shot after he pointed a firearm at Officer Rodgers and refused to comply with demands to drop the firearm.

28.     On information and belief, there is a custom or practice in MPD of subjecting certain arrestees to more than the minimum force than is necessary to accomplish his or her mission despite clear MPD policy prohibiting such a practice. There is also a policy which exempts member of the Gun Recovery Unit from wearing department wide issued Body Worn Cameras. These customs and/or practices are evidenced by the actions of the officers in this Complaint of shooting Plaintiff when he represented no risk of death or serious bodily harm to the officers.

29.     Officer Rodgers acted intentionally and/or recklessly and with deliberate disregard to the Plaintiff's constitutional and common law rights, and in intentional or reckless disobedience of MPD regulations.

30.     The use of unreasonable and/or excessive force by the Defendant officer is subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

31.     The shooting of the Plaintiff by Defendant Officer Rodgers was in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including but

not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

32.    No reasonable police officer could have believed that there was a need to shoot Plaintiff George after he had discarded a firearm and ran 40 feet from the location where the gun came to rest.

33.    At all relevant times, the Defendant officer:

    a.  wore the apparel of the District of Columbia Metropolitan Police Department;

    b.  used the resources and the District of Columbia Metropolitan Police Department;

    c.  was on active duty as  an officer of the District of Columbia Metropolitan Police Department;

    d.  acted under their authority as an officer of the District of Columbia Metropolitan Police Department; and

    e.  acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

34.    The Plaintiff suffered significant physical injuries and pain as a result of the Defendant officer's conduct.

35.    The Plaintiff suffered extreme and severe emotional distress as a result of Defendant officer's conduct. The Plaintiff continues to suffer emotional distress as a result of the Defendant officers' conduct.

36.    The Plaintiff has been subjected to ridicule and disparagement as a result of the Defendant officers' conduct. The Plaintiff continues to suffer emotional distress as a result of the Defendant officers' conduct.

## CLAIMS FOR RELIEF

**First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the
Fourth, Fifth and Fourteenth Amendments**
(Against Officer Rodgers)

37.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

38.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or
> usage of any state or territory or the District of Columbia subjects or causes to be
> subjected any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges or immunities secured by the
> constitution and law shall be liable to the party injured in an action at law, suit in
> equity, or other appropriate proceeding for redress…

39.     Plaintiff in this action is a citizen of the United States and all of the individual

Defendant officer to this claim are persons for purposes of 42 U.S.C. § 1983.

40.     All individual Defendants to this claim, at all times relevant hereto, were acting

under the color of state law in their capacity as District of Columbia police officers and

their acts or omissions were conducted within the scope of their official duties or

employment.

41.     At no time relevant to this action was the Plaintiff a threat to the safety of the

police, himself or others.

42.     At the time of the complained of events, Plaintiff had a clearly established

constitutional right under the Fourth Amendment to be secure in his person from

unreasonable seizure through excessive force.

43.     Plaintiff also had a clearly established Constitutional right under the Fifth and

Fourteenth Amendments of the U.S. Constitution to bodily integrity and to be free from

excessive force by law enforcement.

44.    Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

45.    Defendants Rodger's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these Fourth Amendment rights of the Plaintiff.

46.    Defendants Rodger's actions and use of force, as described herein, was also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by Defendant Officer Rodgers shocks the conscience and violated the Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

47.    Defendant Rodgers unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

48.    The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

49.    Defendant Rodgers engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

50.    He did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

51.    The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

52.     These individual Defendants acted in concert and joint action with each other.

53.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

54.     Officer Rodgers, by means of physical force and show of authority complained of herein, restrained the liberty of the Plaintiff.

55.     Given the circumstances, no reasonable person in Plaintiff's position would have believed themselves free to leave.

56.     Officer Rodgers as a government officer intentionally applied means to terminate the Plaintiff's freedom of movement.

57.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

58.     The Defendants to this claim at all times relevant hereto were acting pursuant to District of Columbia custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

59.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses. The Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. §

1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

60.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

61.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**Second Claim for Relief – Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fifth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(Against District of Columbia and Defendant Newsham only)

62.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

63.     42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

64.     Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

65.     The Defendants to this claim at all times relevant hereto were acting under the color of state law.

66.     Plaintiff had the following clearly established rights at the time of the complained of conduct:

a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fifth and Fourteenth Amendments;

c. the right to be free from malicious prosecution under the Fourth, Fifth and Fourteenth Amendments.

67.     Defendant Newsham and Defendant District of Columbia knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

68.     The acts or omissions of Defendants Newsham and the District of Columbia, as described herein, deprived the Plaintiff of his constitutional and statutory rights and caused him other damages.

69.     The acts or omissions of Defendants Newsham and the District of Columbia as described herein intentionally deprived Plaintiff of his constitutional and statutory rights

and caused him other damages.

70.     Defendants are not entitled to qualified immunity for the complained of conduct.

71.     Defendant Newsham and Defendant District of Columbia were, at all times relevant, policymakers for the District of Columbia, and in that capacity established policies, procedures, customs, and/or practices for the District of Columbia.

72.     Defendants Newsham and the District of Columbia developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of the Plaintiff's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

73.     Defendant Newsham and the Defendant District of Columbia have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public. Additionally, inspite of a Department wide mandate that all officers be required to wear and activate body worn cameras when engaging with citizens, Defendant Newsham and Defendant District of Columbia sponsored and allowed a policy and custom exempting the Gun Recovery Unit from wearing and activating body worn cameras. This policy was a proximate cause of the injury and constitutional violation of Plaintiff's person and rights.

74.     In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

75.     The deliberately indifferent training, supervision and policy provided by Defendant District of Columbia and Defendant Newsham resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant District of Columbia and Defendant Newsham and were moving forces in, directly caused, the constitutional and federal violation injuries complained of by Plaintiff.

76.     As a direct result of Defendant Newsham and Defendant District of Columbia's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of these Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and may continue to incur further medical expenses or other special damages related expenses.

77.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien

interests.

## Third Claim for Relief – Assault
(Against Defendant Officer Rodgers)

78.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

79.     Plaintiff was in fear of imminent bodily harm when Defendant Officer Rodgers drew his service weapon and fired repeatedly into his back.

80.     Defendant Officer Rodgers intentionally threatened the Plaintiff with imminent bodily harm when he unnecessarily drew his service weapon and fired the same repeatedly into the back of the Plaintiff.

81.     Due notice under all applicable statutes has been given to the Defendants.

82.     The actions of the Defendant Officer Rodgers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

83.     The intentional and malicious actions of Defendant Rodgers and other unnamed MPD officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

## Fourth Claim for Relief – Battery
(Against Defendant Officer Rodgers)

84.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

85.     Defendant officer Rodgers engaged in harmful and offensive contact of the Plaintiff by shooting him in his back and person.

86.     The actions of the Defendant officer Rodgers caused the Plaintiff serious physical and emotional injuries.

87.     Due notice under all applicable statutes has been given to the Defendants.

88.     The actions of Defendant Officer Rodgers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

89.     The intentional and malicious actions of Defendant Officer Rodgers and other unnamed MPD officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

**Fifth Claim for Relief – Negligence**
(Against Defendant Officer Rodgers)

90.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

91.     Defendant Officer Rodgers was negligent and breached his duty of care to Plaintiff. Defendant Officer Rodgers was negligent and breached his duty of care by, among other things, failing to comply with all applicable laws, statutes, regulations, training, police standards, police special orders and general orders with regard to the treatment and actions of Plaintiff.

92.     Defendant officer Rodgers failed to comply with General Order 901.07, which states in relevant part: "[T]he policy of the Department is that an officer shall use only

that force which is reasonably necessary to bring an incident under the control, while protecting the lives of the officers and others." No such justifiable circumstances existed here.

93.     Pursuant to Special Order 97-31, Code of Ethics, Defendant Officer Rodgers had a duty to not conduct himself in any way which may be construed as immoral, indecent, and/or unprofessional.

94.     Pursuant to the MPD's "Spectrum of Force" and "Use of Force Continuum," Defendant Officer Rodgers had a duty to comply with the policy of the MPD that each member in all cases use only the minimal amount of force which is consistent with the accomplishment of their mission, and to only use force to protect life and property, to make a lawful arrest, to prevent escape of a law violator, to control an unlawful situation, and/or to restrain a resisting suspect or prisoner.

95.     Pursuant to General Order 201.26, Defendants had a duty to report any violations of the rules of the MPD by any other member of the MDP to their immediate supervisor.

96.     Additionally, under General Order 201.26(D)(7), Defendant Officer Rodgers had a duty not to shoot or use any form of physical force on a person with whom they are dealing, except when necessary to prevent an escape, when acting in self-defense, or to prevent violence to another person. No such justifiable circumstances existed here.

97.     Defendant Officer Rodgers breached these duties owed the Plaintiff, with such breach being the direct and proximate cause of the Plaintiff's significant and severe injuries.

98.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious physical injury, suffered and will continue to suffer from pain, mental anguish

and distress, and was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

**Sixth Claim for Relief – Respondeat Superior**
(Against Defendants District of Columbia and Newsham)

99.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

100.    At all relevant times during the circumstances described in this Complaint, the officers were acting within the scope of their official duty as Police Officers of the District of Columbia Metropolitan Police Department and employees of the District of Columbia.

101.    The District of Columbia and Chief Peter Newsham should, therefore, be held liable for the common law claims against the Defendant Officer Rodgers and other unnamed MPD officers and pay appropriate damages to the Plaintiff.

**Seventh Claim for Relief – Negligent Training and Supervision**
(Against Defendants District of Columbia and Newsham)

102.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

103.    On or before October 14, 2016, the District of Columbia were under a duty to properly train, supervise, investigate and correct improper action of MPD officers.

104.    The District of Columbia and Chief Peter Newsham recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate and correct the improper actions of its employee police officers, including but not limited to

the failure to require members of the GRU to wear body worn cameras.

105.    The District of Columbia's and Chief Peter Newsham's disregard for the rights of others, in particular those of the Plaintiff, was the direct proximate cause of the substantial injuries he sustained.

106.    As a result of the District of Columbia's and Chief Peter Newsham's failure to act, the Plaintiff endured pain and suffering, emotional trauma, extreme humiliation and deprivation of his Constitutional and civil rights.

107.    The Plaintiff is therefore entitled to money damages to compensate for all of his injuries.

**Eighth Claim for Relief – Intentional Infliction of Emotional Distress**
(Against Defendant Officer Rodgers)

108.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

109.    Defendant Officer Rodgers assaulted and battered the Plaintiff intentionally and acted with intentional and/or reckless disregard of his rights.

110.    As a result of Defendant Officer Rodgers intentional and/or reckless acts, the Plaintiff suffered and continues to suffer severe emotional distress.

111.     The Plaintiff is therefore entitled to monetary damages to compensate him for his emotional injury.

112.    The Plaintiff is further entitled to an award of punitive damages to punish the Defendant officers and the other unnamed MPD officers for their willful and malicious and/or reckless misconduct toward him.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a) RULES that the actions of the Defendants violated the rights of the Plaintiff under the First, Fourth and Fifth Amendments to the United States Constitution and the laws of the District of Columbia;

(b) ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $5,000,000.00;

(c) ENTER JUDGMENT awarding punitive damages against the Defendant officers and other unnamed officers in an amount of $5,000,000.00;

(d) ENTER JUDGMENT awarding him costs and reasonable attorneys fees in this action as provided in 42 U.S.C. § 1983; and

(e) GRANT the Plaintiff any such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.


_____/s/ Brian K. McDaniel_____
Brian K. McDaniel, Esq.
D.C. Bar# 452807
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004
*Counsel for the Plaintiff*