UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-cv-02128-JEB |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## THE DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S COMPLAINT

The District of Columbia (the District), by and through counsel, hereby answers Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs in the Complaint, the District responds as follows:

### INTRODUCTION

1. The District lacks sufficient information at this time to admit or deny the allegations in paragraph 1.

2-6. The District admits the allegations in paragraphs 2 through 6.

7. The District admits that MPD created a specialized unit identified as the Gun Recovery Unit (GRU) which is designated to investigate and secure illegal firearms within the District of Columbia. The remaining allegations in paragraph 7 are denied as the GRU is not now exempted from wearing the Body Worn Cameras (BWCs).

8. The District admits that Plaintiff was outside at or near 901 Wahler Place, SE, Washington, D.C. 20020 on the date as alleged and that Defendant Rogers discharged his service weapon. The District lacks information as to whether Plaintiff's cousin resides in the area. The District denies the remaining allegations in paragraph 8.

9-12. The allegations in paragraphs 9 through 12 are the legal conclusions of the pleader to which no response is required.

## PARTIES

13. The District lacks sufficient information at this time to either admit or deny the allegations in paragraph 13.

14. The District admits the allegations in paragraph 14.

15-20. The allegations in paragraphs 15 through 20 are the legal conclusions of the pleader to which no response is required.

## STATEMENT OF FACTS

21. The District admits that Plaintiff was at or near 901 Wahler Place, SE, Washington, D.C. 20020, on the date as alleged with a group of others.

22. The District admits that Defendant Rogers and other members of the GRU exited the police-operated vehicles and began to walk toward a group of individuals. Further answering, the District admits that Plaintiff walked to the back and was followed by Defendant Rogers and Officer Hugee, and that Plaintiff began to run. The remaining allegations in paragraph 22 are denied.

23. Denied.

24. The District lacks sufficient information at this time to either admit or deny the allegations in paragraph 24.

25. The District admits that officers revived Plaintiff but denies the remaining allegations in paragraph 25.

26. The District admits that Plaintiff was transported to the hospital while in police custody. The District lacks sufficient information to admit or deny the remaining allegations.

27. Admitted that Officer Logan wrote in his written report the information set forth in paragraph 27.

28-29. The District admits that members of the GRU were previously exempted from wearing BWCs as alleged. The remaining allegations in paragraphs 28 and 29 are denied.

30-36. The allegations in paragraphs 30 through 36 are the legal and factual conclusions of the pleader to which no response is required.

## CLAIMS FOR RELIEF

### First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth, Fifth and Fourteenth Amendments
### (Against Officer Rogers)

37. The District incorporates by reference its responses to paragraphs 1 through 36 as if set forth fully herein.

38-61. The allegations in paragraphs 38 through 61 do not pertain to the District and therefore no response is required.

### Second Claim for Relief – Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fifth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981
### (Against District of Columbia and Defendant Newsham only)

62. The District incorporates by reference its responses to paragraphs 1 through 61 as if set forth fully herein.

63-77.  The allegations in paragraphs 63 through 77 are the subject of the District's Partial Motion to Dismiss.  Thus, no further response to these allegations is required.

### Third Claim for Relief – Assault
### (Against Defendant Officer Rogers)

78.  The District incorporates by reference its responses to paragraphs 1 through 77 as if set forth fully herein.

79-80.  The District denies the allegations in paragraphs 79 and 80.

81.  The allegations in paragraph 81 are the legal conclusions of the pleader to which no response is required.

82-83.  The District denies the allegations in paragraphs 82 and 83.

### Fourth Claim for Relief – Battery
### (Against Defendant Officer Rogers)

84.  The District incorporates by reference its responses to paragraphs 1 through 83 as if set forth fully herein.

85.  Denied.

86-87.  The allegations in paragraphs 86 and 87 are the legal conclusions of the pleader to which no response is required.

88-89.  Denied.

### Fifth Claim for Relief – Negligence
### (Against Defendant Officer Rogers)

90.  The District incorporates by reference its responses to paragraphs 1 through 89 as if set forth fully herein.

91-98.  The allegations in paragraphs 91 through 98 are the subject of the District's Partial Motion to Dismiss.  Thus, no further response to these allegations is required.

### Sixth Claim for Relief – Respondeat Superior
### (Against Defendants District of Columbia and Newsham)

99.     The District incorporates by reference its responses to paragraphs 1 through 98 as if set forth fully herein.

100-101.  The allegations in paragraphs 100 and 101 are the subject of the District's Partial Motion to Dismiss and no further response is required.

### Seventh Claim for Relief – Negligent Training and Supervision
### (Against Defendants District of Columbia and Newsham)

102.    The District incorporates by reference its responses to paragraphs 1 through 101 as if set forth fully herein.

103-107. The allegations in paragraphs 103 through 107 are the subject of the District's Partial Motion to Dismiss.  Thus, no further response to these allegations is required.

### Eighth Claim for Relief – Intentional Infliction of Emotional Distress
### (Against Defendant Officer Rogers)

108.    The District incorporates by reference its responses to paragraphs 1 through 107 as if set forth fully herein.

109-112. Denied.

**FURTHER ANSWERING**, the District denies all allegations of misconduct or wrongdoing not specifically admitted or otherwise answered.

### Third Defense

The District asserts sovereign immunity, and discretionary immunity.

### Fourth Defense

The District performed its obligations, if any, towards Plaintiff in accordance with all applicable constitutional requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring misconduct other than the District, its agents, employees, or servants acting within the scope of employment.

### Sixth Defense

Plaintiff may have failed to mitigate his damages.

### Seventh Defense

Plaintiff's claims may be barred by collateral estoppel and/or res judicata.

### Eighth Defense

Plaintiff may have failed to comply with the statute of limitations or his suit is barred by the doctrine of laches.

### Ninth Defense

Plaintiff is not entitled to punitive damages.

### Tenth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code § 12-309 to support *respondeat superior* liability against the District.

### Eleventh Defense

Plaintiff enjoys no relief under the Fourth Amendment for the claims raised in the Complaint against the District.

### Twelfth Defense

There was probable cause for Plaintiff's arrest, and the force used against Plaintiff was reasonable.

### Thirteenth Defense

Acts or omissions of the District, the District's employees, agents or servants acting within the course and scope of their employment may have been discretionary and/or cannot create liability against the District.

### Fourteenth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within the District's control.

### Fifteenth Defense

Contributory negligence and/or assumption of the risk may bar Plaintiff's claims.

### Sixteenth Defense

Plaintiff failed to properly plead municipal liability and cannot show that any injuries he received were the result of any custom, practice, or policy of the District or through the actions of a final policymaker.

### Seventeenth Defense

Plaintiff cannot establish that any damages or injuries he sustained were proximately caused by the District's conduct.

### Eighteenth Defense

Plaintiff cannot demonstrate the requisite intent necessary to prevail on his intentional tort claims.

### SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff by Medicaid or other forms of public assistance.

**Jury Demand**

The District hereby demands a trial by jury.

The District reserves the right to amend this Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

**WHEREFORE**, having fully answered the Complaint filed herein, the District urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees.

**Dated: December 21, 2017**              Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


*/s/ Patricia A. Oxendine*_____
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


*/s/ Charles J. Coughlin*_____
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
CHARLES J. COUGHLIN
D.C. Bar No. 1016993
Assistant Attorneys General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6600; (202) 724-6608; (202) 727-6295
Fax: (202) 715-8924; (202) 730-1887
Email: kerslyn.featherstone@dc.gov; charles.coughlin@dc.gov

*Counsel for Defendant District of Columbia*