UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK GEORGE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-cv-02128-JEB |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANT JUSTIN ROGERS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Justin Rogers, by and through counsel, hereby answers Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs in the Complaint, Defendant Rogers responds as follows:

### INTRODUCTION

1. Defendant Rogers lacks sufficient information at this time to admit or deny the allegations in paragraphs 1 through 6.

7. Defendant Rogers admits that MPD created a specialized unit identified as the Gun Recovery Unit (GRU) which is designated to investigate and secure illegal firearms within the District of Columbia. The remaining allegations in paragraph 7 are denied as the GRU is not exempted from wearing the Body Worn Cameras (BWCs).

8.      Defendant Rogers admits that Plaintiff was outside at or near 901 Wahler Place, SE, Washington, D.C. 20020 on the date as alleged and that Defendant Rogers discharged his service weapon.  Defendant Rogers lacks information as to whether Plaintiff's cousin resides in the area.  Defendant Rogers denies the remaining allegations in paragraph 8.

9-12.    The allegations in paragraphs 9 through 12 are the legal conclusions of the pleader to which no response is required.

**PARTIES**

13.     Defendant Rogers lacks sufficient information at this time to either admit or deny the allegations in paragraph 13.

14.     Defendant Rogers admits the allegations in paragraph 14.

15-20.   The allegations in paragraphs 15 through 20 are the legal conclusions of the pleader to which no response is required.

**STATEMENT OF FACTS**

21.     Defendant Rogers admits that Plaintiff was at or near 901 Wahler Place, SE, Washington, D.C. 20020 on the date as alleged with a group of others.

22.     Defendant Rogers admits that Defendant Rogers and other members of the GRU exited the police-operated vehicles and began to walk toward a group of individuals.  Further answering, Defendant Rogers admits that Plaintiff walked to the back and was followed by Defendant Rogers and Officer Hugee, and that Plaintiff began to run.  The remaining allegations in paragraph 22 are denied.

23.     Denied.

24.     Defendant Rogers lacks sufficient information at this time to either admit or deny the allegations in paragraph 24.

25. Defendant Rogers admits that officers revived Plaintiff but denies the remaining allegations in paragraph 25.

26. Defendant Rogers admits that Plaintiff was transported to the hospital while in police custody.  Defendant Rogers lacks sufficient information to admit or deny the remaining allegations.

27. Defendant Rogers admits that the information set forth in paragraph 27 is written in Officer Logan's report.

28-29. Defendant Rogers admits that members of the GRU were previously exempted from wearing BWCs as alleged.  The remaining allegations in paragraphs 28 and 29 are denied.

30-36. The allegations in paragraphs 30 through 36 are the legal and factual conclusions of the pleader to which no response is required.

## CLAIMS FOR RELIEF

### First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth, Fifth and Fourteenth Amendments (Against Officer Rogers)

37. Defendant Rogers incorporates by reference his responses to paragraphs 1 through 36 as if set forth fully herein.

38. The allegations in paragraph 38 are the legal conclusions of the pleader to which no response is required.

39. Defendant Rogers lacks sufficient information at this time to either admit or deny the allegations in paragraph 39 as to whether Plaintiff is a citizen of the United States.  The remaining allegations in paragraph 39 are the legal conclusions of the pleader to which no response is required.

40. The allegations in paragraph 40 are the legal conclusions of the pleader to which no response is required.

41. Denied.

42-44. The allegations in paragraphs 42 through 44 are the legal conclusions of the pleader to which no response is required.

45-53. Denied.

54-56. The allegations in paragraphs 54 through 56 are the legal conclusions of the pleader to which no response is required.

57. Denied.

58. The allegations in paragraph 58 are the legal conclusions of the pleader to which no response is required.

59. Denied.

60. Defendant Rogers lacks sufficient information to either admit or deny whether Plaintiff will suffer future lost earnings and impaired earning capacity as a result of his injury. Further answering, Defendant Rogers denies the remaining allegations in paragraph 60.

61. Denied.

**Second Claim for Relief – Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fifth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981
(Against District of Columbia and Defendant Newsham only)**

62. Defendant Rogers incorporates by reference his responses to paragraphs 1 through 61 as if set forth fully herein.

63-77. The allegations in paragraphs 63 through 77 do not pertain to Defendant Rogers and therefore no response is required.

### Third Claim for Relief – Assault
### (Against Defendant Officer Rogers)

78. Defendant Rogers incorporates by reference his responses to paragraphs 1 through 77 as if set forth fully herein.

79-80. Defendant Rogers denies the allegations in paragraphs 79 and 80.

81. The allegations in paragraph 81 are the legal conclusions of the pleader to which no response is required.

82-83. Defendant Rogers denies the allegations in paragraphs 82 and 83.

### Fourth Claim for Relief – Battery
### (Against Defendant Officer Rogers)

84. Defendant Rogers incorporates by reference his responses to paragraphs 1 through 83 as if set forth fully herein.

85. Denied.

86-87. The allegations in paragraphs 86 and 87 are the legal conclusions of the pleader to which no response is required.

88-89. Denied.

### Fifth Claim for Relief – Negligence
### (Against Defendant Officer Rogers)

90. Defendant Rogers incorporates by reference his responses to paragraphs 1 through 89 as if set forth fully herein.

91-98. The allegations in paragraphs 91 through 98 are the subject of Defendant Rogers' Partial Motion to Dismiss. Thus, no further response to these allegations is required.

### Sixth Claim for Relief – Respondeat Superior
### (Against Defendants District of Columbia and Newsham)

99. Defendant Rogers incorporates by reference his responses to paragraphs 1 through 98 as if set forth fully herein.

100-101. The allegations in paragraphs 100 through 101 do not pertain to Defendant Rogers and therefore no response is required.

### Seventh Claim for Relief – Negligent Training and Supervision
### (Against Defendants District of Columbia and Newsham)

102. Defendant incorporates by reference his responses to paragraphs 1 through 101 as if set forth fully herein.

103-107. The allegations in paragraphs 103 through 107 do not pertain to Defendant Rogers and therefore no response is required.

### Eighth Claim for Relief – Intentional Infliction of Emotional Distress
### (Against Defendant Officer Rogers)

108. Defendant Rogers incorporates by reference his responses to paragraphs 1 through 107 as if set forth fully herein.

109-112. Denied.

**FURTHER ANSWERING**, Defendant Rogers denies all allegations of misconduct or wrongdoing not specifically admitted or otherwise answered.

### Third Defense

Defendant Rogers performed his obligations, if any, towards Plaintiff in accordance with all applicable constitutional requirements.

### Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring misconduct other than Defendant Rogers.

### Fifth Defense

At all times relevant herein, Defendant Rogers acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

### Sixth Defense

Defendant Rogers is entitled to qualified immunity and a privilege for the actions he took with respect to Plaintiff.

### Seventh Defense

Plaintiff may have failed to mitigate his damages.

### Eighth Defense

Plaintiff's claims may be barred by collateral estoppel and/or res judicata.

### Ninth Defense

Plaintiff may have failed to comply with the statute of limitations or his suit is barred by the doctrine of laches.

### Tenth Defense

Plaintiff is not entitled to punitive damages.

### Eleventh Defense

Plaintiff enjoys no relief under the Fourth Amendment for the claims raised in the Complaint against Defendant Rogers.

### Twelfth Defense

There was probable cause for Plaintiff's arrest, and the force used against Plaintiff was reasonable.

### Thirteenth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within Defendant Rogers' control.

### Fourteenth Defense

Contributory negligence and/or assumption of the risk may bar Plaintiff's claims.

### Fifteenth Defense

Plaintiff cannot establish that any damages or injuries he sustained were proximately caused by Defendant Rogers' conduct.

### Sixteenth Defense

Plaintiff cannot demonstrate the requisite intent necessary to prevail on his intentional tort claims.

### Jury Demand

Defendant Rogers hereby demands a trial by jury.

Defendant Rogers reserves the right to amend this Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

**WHEREFORE**, having fully answered the Complaint filed herein, Defendant Rogers urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees.

**Dated: January 11, 2018**              Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


*/s/ Patricia A. Oxendine*_____
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


*/s/ Charles J. Coughlin*_____
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
CHARLES J. COUGHLIN
D.C. Bar No. 1016993
Assistant Attorneys General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6600; (202) 724-6608; (202) 727-6295
Fax: (202) 715-8924; (202) 730-1887
Email: kerslyn.featherstone@dc.gov; charles.coughlin@dc.gov

*Counsel for Defendant Justin Rogers*